IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY DEON BETHANY, #1221925 | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:22-cv-02172-K (BT) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rodney Deon Bethany, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should transfer Bethany's petition to the Fifth Circuit Court of Appeals as successive.

I.

Bethany was convicted of robbery and aggravated robbery in the 363rd Judicial District Court in Dallas, Texas on February 24, 2004. Pet. 1 (ECF No. 4). Both of his second-degree felony convictions were enhanced, and he received a life sentence for each conviction. *Id.* The two sentences were ordered to run concurrently. *Id.*

On February 6, 2009, Bethany filed his first petition for a writ of habeas corpus in this court. *Bethany v. Thaler, Director TDCJ-CID*, Case No. 3:09-cv-288-N. The magistrate judge recommended denying his

petition. Case No. 3:09-cv-288-N (ECF No. 16). On September 30, 2011, the District Court adopted the magistrate judge's findings, conclusions, and recommendation, denied the petition with prejudice, and denied a certificate of appealability. Case No. 3:09-cv-288-N (ECF Nos. 18, 19).

In his current petition, Bethany argues: (1) his trial attorney provided ineffective assistance of counsel and created an actual conflict-of-interest when he placed himself in a situation with divided loyalties; (2) his Due Process rights were violated when the State knowingly used false and misleading evidence; and (3) his Due Process rights were violated when the State withheld exculpatory and impeachment evidence.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge

panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Bethany's first petition was denied with prejudice, and his new claims could have and should have been addressed in his first petition. Bethany fails to demonstrate that his claims were not available to him at that time he filed his first petition. *See Hardemon*, 516 F.3d at 275. Rather, it appears the alleged errors Bethany raises in his petition were previously known to him. For example, he argues that his trial attorney provided ineffective assistance of counsel and created a conflict-of-interest when he placed himself in a situation with divided loyalties. Specifically, Bethany claims that his trial attorney conspired with the prosecutor because he was angry Bethany would not take a plea deal "and [ ] swore to teach petitioner a lesson." Mem. 13 (ECF No. 5). There is no indication this claim was not available to him when he filed his first petition.

3

In sum, Bethany raises claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Bethany's successive petition. Bethany must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

The Court should TRANSFER Bethany's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed October 6, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).